UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IFG PORT HOLDINGS, LLC** | **:** | **CIVIL ACTION NO. 19-01454** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **NAVIGATION MARITIME BULGARE, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant T. Parker Host, Inc. ("T. Parker Host") seeking dismissal of all claims against it in plaintiff's original Petition and Amended Complaint on the basis that plaintiff has failed to state a claim against it upon which relief may be granted. Plaintiff, IFG Port Holdings, LLC ("IFG"), opposes the motion [doc. 51] and T. Parker Host has filed a reply. Doc. 54. Accordingly, the matter is now ripe for review.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, the Motion to Dismiss is **DENIED**.

### I.
#### BACKGROUND

This action was initiated in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1. In its original petition IFG alleged that it is owed payment for overtime charges incurred at the IFG export grain terminal in Lake Charles, Louisiana, in connection with a 2018 loading of cargo onto the vessel MV Sredna Gora. *Id.* The petition names as defendants

Navigation Maritime Bulgare, Host Agency, LLC, T. Parker Host, Inc., Luzar LLC, and Luzar Trading SA and alleges that they are liable for breach of contract for failing to pay charges due pursuant to the terms of IFG's Terminal Tariff which is attached as Exhibit "A" to the original petition. *Id.* at ¶ 2.

Luzar LLC, Luzar Trading SA, and Navigation Maritime Bulgare removed the action to this court on the basis of admiralty or maritime jurisdiction and diversity jurisdiction. Doc. 1. After the case was removed IFG filed its First Amended and Supplemental Complaint which incorporated all allegations in the original petition and dismissed, substituted, and added several defendants. Doc. 9. The complaint also seeks a declaratory judgment recognizing IFG's right to a maritime lien against the vessel. *Id.* at pp. 3-6.

After removal, T. Parker Host filed the motion before the court contending that IFG has failed to state a claim against it upon which relief may be granted. Briefly, it asserts that defendant Host Agency, LLC ("Host Agency") is the properly named agent in the litigation, not T. Parker Host. It contends that T. Parker Host never "owned, operated, nor managed the vessel subject to this dispute" nor did it "act as agent of the Vessel or as an agent for any owner, operator, and/or manager of the Vessel." Doc. 11, att. 1, p. 1. Therefore, it contends that it cannot be held responsible for any damages due to IFG for its alleged breach of contract.

In opposition to the motion IFG maintains that its allegations in its original petition and amended complaint sufficiently allege a cause of action against T. Parker Host. Doc. 51. IFG argues its allegations, at a minimum, allege an agency relationship between T. Parker Host and Host Agency and that any question of whether T. Parker Host was bound by the governing contracts is factual and not proper for a motion to dismiss. *Id.* at pp. 3-4.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." The Fifth Circuit has stated that "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'" *Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) (citing *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir.2005)). When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir.2010).

However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010)).

With these principles in mind we now turn to the allegations in IFG's original petition and amended complaint. IFG alleges that defendants are "owners and/or agents, masters, charterers, or were otherwise managers of the vessel at the Port of Lake Charles IFG Grain Terminal, who, either individually or collectively operated the vessel to receive the necessary stevedoring services giving rise to this litigation." Doc. 1, att. 1, p. 3, ¶ 7. It alleges that defendant Host Agency

executed a Terminal Use Application which bound the company or any agents of the vessel to the terms and conditions in the IFG Terminal Tariff. Doc. 1, att. 1, pp. 3-4, ¶ 9.

IFG alleges that a fire at the IFG Grain Terminal caused congestion with vessels waiting to load and the Terminal and vessel were required to work overtime to complete loading in accordance with the IFG Terminal Tariff. Doc. 1, att. 1, p. 4, ¶¶ 12-14. As per terms and conditions in the Terminal Tariff, IFG sent an invoice to Host Agency for overtime charges in an amount exceeding $500,000. Doc. 1, att. 1, p. 4, ¶ 15. Host Agency rejected the invoice on behalf of the vessel although it acknowledged that the overtime charges were incurred. Doc. 1, att. 1, p. 4, ¶ 16. According to the petition, Host Agency "claimed that the overtime charges were supposedly the responsibility of another party in a bad faith effort on behalf of it and/or the other named Defendants to evade responsibility for the legitimately incurred overtime charges." *Id.* IFG further alleges that "[u]pon information and belief, Defendants may have actively engaged in a shell game and sought to conceal the true nature of the roles of the parties involved by purposefully acting in a substantially misleading and deceptive manner in a bad faith attempt to minimize liability." Doc. 1, att. 1, p. 5, ¶ 21.

In support of its motion, T. Parker Host refers to the Berth Application and Assignment and the Terminal Use Application, which are both attached as exhibits to IFG's original petition. T. Parker Host notes that these documents list Host Agency as the "Agent" or "Applicant Company Name" for the vessel and Sagitta as the "Charterers/Owners" or "Vessel Owner/Operator/Charter/Line." It points out that it is never identified or named anywhere in these documents in any capacity. T. Parker Host argues that, since it is not a party to any contract between itself and IFG, it cannot be bound to IFG. Thus, it maintains, IFG's "generic and

conclusory allegations" against T. Parker Host are insufficient to state a plausible claim for relief against it under the Terminal Tariff. Doc. 11, att. 1, p. 6.

In response IFG argues that whether or not T. Parker Host is bound by contract is a question of fact which should not be decided on a motion to dismiss. It refers to the Terminal Tariff (which states that the Terminal Use Application constitutes the contract between IFG and the vessel and the "User") and notes its broad definition of the term "User" to include

> [A]ll individuals including vessel owners and/or operators and/or charterers and/or personnel and/or crewmembers and/or agents and/or managers and/or private carriers or business entities, including all barges, trucks, railroad cars, vessels, watercraft or other means of conveyance and/or equipment used by said individuals or business entities … which use the facilities and/or services of [the IFG elevator facility].

Doc. 1, att. 1, p. 10. IFG claims that T. Parker Host's statement in support of its motion that it did not own, operate, manage, charter, or act as agent of the vessel is unsupported by any document and is a disputed question of fact. IFG suggests that whether or not Host Agency and T. Parker Host are separate and distinct entities or whether there exists any relationship between the parties remains a question of fact that cannot support T. Parker Host's dismissal at this stage of the proceedings.

We agree. Accepting the allegations in the petition and amended complaint as true and viewing those facts in the light most favorable to IFG, we conclude that IFG has stated a legally cognizable and plausible claim against T. Parker Host. While Host Agency is clearly the signatory to the contracts at issue herein, IFG's allegation that Host Agency claimed that the overtime charges were the responsibility of another party together with IFG's allegation that the named defendants may have deceptively sought to conceal the true nature of the roles of the parties to minimize liability, give rise to the possibility of an entitlement to relief against T. Parker Host.

At this juncture we are not to evaluate IFG's likelihood of success; rather, we are limited to examining the petition, the amended complaint, and any attached documents. IFG's pleadings do state a claim for relief that is plausible on its face. Therefore, we find that T. Parker Host's motion to dismiss should be denied.

### III.
#### CONCLUSION

For the reasons stated herein T. Parker Host's Motion to Dismiss [doc. 11] is **DENIED.**

THUS DONE AND SIGNED in Chambers this 4th day of November, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE