# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:19-1454** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NAVIGATION MARITIME BULGARE a/k/a NAVIBULGAR, ET AL.** | **MAG. JUDGE KATHLEEN KAY** |

## MEMORANDUM RULING

Pending before the Court are two Motions to Continue Summary Judgment [Doc. Nos. 82 and 83], filed by Plaintiff IFG Port Holdings, LLC ("IFG") requesting a FRCP Rule 56(d) continuance to a Motion for Summary Judgment [Doc. No. 77] filed by Defendants , LLC, Luzar Trading SA and Sagitta Marine SA (collectively "Luzar") and a Motion for Summary Judgment (corrected) [Doc. No. 80], filed by the Defendants Host Agency, LLC and T Parker Host, Inc. ("Host").

Luzar filed its Motion for Summary Judgment [Doc. No. 77] on December 14, 2020. IFG filed the pending Motion to Continue Motion for Summary Judgment [Doc. No. 82] on January 4, 2021. An Opposition [Doc. No. 92] was filed by Luzar on January 12, 2021. A Reply [Doc. No. 96] was filed by IFG on January 14, 2021.

Host filed its Motion for Summary Judgment [Doc. No. 80] on December 15, 2020. IFG filed the pending Motion to Continue Motion for Summary Judgment [Doc. No. 83] on January 4, 2021. An Opposition [Doc. No. 90] was filed by Host on January 11, 2021. A Reply [Doc. No. 97] was filed by IFG on January 14, 2021.

For the reasons set forth herein, IFG's Motions to Continue Motion for Summary Judgment [Doc. Nos. 82 and 83] are DENIED.

A. **Background**

IFG filed suit on October 2, 2019 in the 14th Judicial District Court, Parish of Calcasieu, [Doc. No. 1, Exh. 1] naming as Defendants Host, Luzar and Navigation Maritime Bulgare ("Navibulgar"). The suit was removed to this Court on November 7, 2019 [Doc. No. 1]. IFG's suit is a breach of contract claim for charges allegedly incurred for overtime charges in regard to a vessel, the MV Sredna Gora. In its petition, IFG attaches as an exhibit [Doc. No. 1, Exh. 1, Exh. A] Export Grain Terminal Tariff No. 2, ("Tariff") as the controlling contract between the parties.

An Amended Complaint [Doc. No. 9] was filed on November 22, 2019, which dismissed Navibulgar, without prejudice, and substituted Sredna Gora Maritime Ltd. ("SGM"). The Amended Complaint also added Sagitta Marine SA (which was previously referred to as the "Luzar" defendants), and added the subject vessel, SREDNA-GORA-IMO-9486570-MMSI-249745000 ("MV-SV"), requesting additional relief declaring a maritime lien against the subject vessel.

Three Motions for Summary Judgment have been filed by the Defendants in this case [Doc. No. 45, 77 and 80]. At issue is IFG's Motion to Continue Doc. No. 77 [Doc. No. 82] and IFG's Motion to Continue Doc. No. 80 [Doc. No. 83].

B. **Law and Analysis**

In both of IFG's Motions to Continue Motion for Summary Judgment, IFG maintains additional discovery is necessary to oppose the Luzar and Host motions for summary judgment. Specifically, IFG states it needs to obtain the names of the individuals aboard the MV Sredna Gora at the time the charges were incurred, correspondence between all Defendants from

February, 2018 to present, and may need to take depositions of persons identified in the discovery.  IFG maintains the additional discovery is expected to reveal Luzar and Host had notice and knowledge of the overtime charges incurred under the Tariff and that such charges would be incurred.

In opposition to IFG's motions, Luzar and Host argue that no discovery is necessary because all parties are bound by the Tariff, which interpretation involves straightforward contractual issues.  Luzar and Host argue the language of the Tariff require notice and agreement to the overtime charges.

All parties agree that Export Grain Terminal Tariff No. 2 is the contract which binds the parties in this case.

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred.

> **(d)  When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1)  defer considering the motion or deny it;
> > (2)  allow time to obtain affidavits or declarations or to take discovery; or
> > (3)  issue any other appropriate order

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986).  To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact.  *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

After reviewing the issues in the pending motions for summary judgment, this Court believes the additional discovery is unnecessary as the issues in this case can be resolved by interpreting the contractual provisions of Export Gain Terminal Tariff No. 2, Section III L.

Therefore, IFG's pending Motions to Continue Motions for Summary Judgment [Doc. Nos. 82 and 83] are DENIED.

### C. Conclusion

For the reasons set forth herein, IFG's Motion to Continue Motion for Summary Judgment [Doc. Nos. 82 and 83] are DENIED.

MONROE, LOUISIANA, this 15th day of January, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE