UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IFG PORT HOLDINGS, LLC** | **CIVIL ACTION NO. 2:19-1454** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NAVIGATION MARITIME BULGARE a/k/a NAVIBULGAR, ET AL.** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 45], filed by Defendant, Sredna Gora Maritime, Ltd. ("SGM"). An Opposition [Doc. No. 91] was filed by Petitioner, IFG Port Holdings, LLC ("IFG"), on January 11, 2021. A Reply [Doc. No. 100] was filed by SGM on January 18, 2021.

For the reasons set forth herein, SGM's Motion for Summary Judgment is GRANTED.

**A.    Background**

IFG filed suit on October 2, 2019 in the 14th Judicial District Court, Parish of Calcasieu, [Doc. No. 1, Exh. 1] naming as Defendants Host, Luzar and Navigation Maritime Bulgare ("Navibulgar"). The suit was removed to this Court on November 7, 2019 [Doc. No. 1]. IFG's suit is a breach of contract claim for charges allegedly incurred for overtime charges in regard to a vessel, the M V Sredna Gora. In its petition, IFG attaches as an exhibit [Doc. No. 1, Exh. 1, Exh. A] Export Grain Terminal. Tariff No. 2 ("the Tariff"), as the controlling contract between the parties.

An Amended Complaint [Doc. No. 9] was filed on November 22, 2019, which dismissed Navibulgar, without prejudice, and substituted Sredna Gora Maritime Ltd. ("SGM"). The Amended Complaint also added Sagitta, and added the subject vessel, SREDNA-GORA-IMO-

9486570-MMSI-249745000 ("GORA"), requesting additional relief declaring a maritime lien against the subject vessel.

SGM filed its Motion for Summary Judgment [Doc. No. 45] on October 13, 2020, asking the Court to render a summary judgment declaring that SGM has no *in personam* liability to IFG in this lawsuit.

**B.     Law and Analysis**

SGM is the owner of the vessel, the M/V SREDNA GORA ("GORA"). In February, 2018, SGM time chartered GORA to Louis Dreyfus Company Freight Asia Ptc. Ltd. ("LDC") out of Singapore. LDC sub-time chartered the GORA to Sagitta Marine SA ("Sagitta") in mid-June, 2018. The voyage, under the Sagitta sub-time charter, included a call at the Port of Lake Charles.

Sagitta sub-chartered the GORA to Luzar Trading SA and/or Luzar, LLC (collectively "Luzar"). Brian Hass, an employee of Host Agency, LLC and/or T. Parker Host ("collectively "Host"), who was representing Sagitta, signed a Berth Application and Assignment [Doc. No. 1 Exh. 1 p.3], and a Terminal Use Application and Acceptance of Financial Responsibility [Doc. No. 1 Exh. 1 p.38] for the IFG Expert Grain Terminal in the Port of Lake Charles.

Between March 9, 2018 and June 5, 2018, Luzar purchased 33,800 metric tons of soymeal and soybean from Tradiverse Corporation. The products were to be loaded at IFG's Lake Charles terminal. Loading began on the vessel on June 25, 2018. On June 28, 2018, a fire broke out at IFG's terminal resulting in the GORA anchoring elsewhere off the coast of Louisiana from June 28, 2018 until July 23, 2018.

On July 24, 2018 loading resumed at IFG's Lake Charles terminal. The loading was completed on August 24, 2018. On September 24, 2018, IFG invoiced the Defendants for

overtime charges totaling $570,500 for work performed between June 22, 2018 and August 23, 2018.  [Doc. No. 1 – 1 p. 4-5].

SGM alleges it did not enter into a contract with IFG for its terminal and/or stevedoring services and that it cannot be held liable *in personam* under the applicable maritime jurisprudence.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

There is no dispute that there exists no written contract between SGM and IFG. Neither the Berth Application nor the Terminal Use Application are signed by SGM. SGM argues that a vessel owner's *in personam* liability requires the existence of a contractual relationship.

IFG argues that pursuant to a Time Charter [Doc. 91, Exh. 2 p 1-51] between SGM and LDC, SGM remains responsible for GORA's navigation and crews and was directly involved with the loading operation based upon a July 25, 2018 and an August 13, 2018 email which informed SGM of the loading delay and the commencement of loading after the fire. IFG maintains these show SGM was a party to the contracts due to SGM's possession and control of the GORA. IFG also argues SGM was responsible as the vessel owner under Terminal Tariff No. 1 [Doc. No. 91, Exh. 3(C)].

Maritime law consistently differentiates the fiction of a vessel's *in rem* liability from any *in personam* liability of that vessel's owner. *In rem* actions against vessels are unique to American law and stem from 'the recognition that the vessel is the offending thing and can be liable even though the owner has no *in personam* liability. The owner of the vessel is not itself liable for payment, however, unless it has entered into the contract for the supply of necessaries. It has no personal obligation even though a lien attaches to its vessel." *Belcher Co. of Ala., Inc. v. M/V Maratha Mariner,* 724 F.2d 1161, 1163 (5th Cir. 1984).

This is a breach of contract action by IFG. IFG must first establish the existence of a contract between IFG and SGM. *Jackson v. Royal Carribbean Cruises, Ltd.,* 389 F.Supp 3d. 431, 451 (N.D. Texas, 2019). There is no contract between IFG and SGM. The owner of a vessel is not liable *in personam*, unless it has entered into a contract for the supply of necessities. *Belcher Co. of Ala., Inc. v. M/V Maratha Mariner,* 724 F. 2d 1161, 1163 (5th Cir. 1984). SGM did not enter into a contract with IFG for supply of its services. The Time Charter between SGM

4

and LDC, and the emails to SGM, and IFG's Terminal Tariff No.2 are not contracts for the supply of necessities between IFG and SGM.

Since there is no contract for necessities between IFG and SGM, SGM has no *in personam* liability.

**C.    Conclusion**

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 45] filed by SGM is GRANTED.

MONROE, LOUISIANA this 20th day of January, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE